FILED
01 MAR 30 PM 1: 12
..... ISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAR 30 2001

## United States District Court
## Northern District of Alabama
## Southern Division

Elizabeth Smith,

    Plaintiff,

vs.                              CV-00-N-1592-S

Kmart Corporation,

    Defendants.

### Memorandum of Opinion

**I.    Introduction.**

The Court has for consideration the defendant's Motion for Summary Judgment [Doc. 16]. The motion has been briefed and is ripe for decision. Upon due consideration, the motion will be **GRANTED in part** and **DENIED in part**.

**II.    Statement of Facts.**[1]

Plaintiff Elizabeth Smith is an 83 year old lady who lives with her husband, having worked until 1973. She worked as a volunteer in the Chaplain's office at Brookwood Hospital until the date of her injury, the event that precipitated this action.

On April 10, 2000, Mrs. Smith's husband, Herbert, dropped her off at the defendant's store in Hoover, Alabama, where she intended to do some shopping. While walking at a normal pace along an aisle inside the store, Mrs. Smith glanced out of the corner of her right eye and saw a woman about her height. At approximately that time, she was struck

---

[1] The facts set out below are gleaned from the parties' submission of facts claimed to be undisputed or favorable to the non-movant. These are the "facts" for summary judgment purposes only. They may not be the actual facts. See *Cox v. Administrator United States Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994).



behind her right shoulder and knocked to the floor on her left side, injuring her head, shoulder, and hip. The person who allegedly struck the plaintiff was Clara Henderson, an on-duty employee of Kmart, who had been walking around the store, at a normal pace, with a Kmart employee-in-training, Wyteshia Hawkins.

By this time, Mr. Smith had returned to the store and taken a seat by the front door to await the plaintiff. As he sat down, Mr. Smith heard someone screaming and began to walk around the store to determine the problem. He came upon his wife, where he heard Ms. Henderson say "sorry I hit her" and "I didn't do it on purpose."

The plaintiff seeks both compensatory and punitive damages from Kmart based upon: the allegedly negligent and wanton conduct of Ms. Henderson; its allegedly negligent and wanton failure to exercise proper supervisory control over her; its alleged failure to provide a safe environment; its allegedly negligent and wanton failure to warn the plaintiff of existing hazardous or unsafe conditions on the premises; its allegedly negligent and wanton breach of its duty to inspect the premises to keep it free from hazards, etc.

### III. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits,

if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Id.* at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty*

3

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52; *see also Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 746 n.11 (1983) (indicating the standard for summary judgment is "[s]ubstantively . . . very close" to that for motions for directed verdict). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *accord Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989).

Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are functions of the jury, and, therefore, "[t]he evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. The

nonmovant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## IV. Discussion

In support of its motion Kmart argues: the plaintiff cannot present substantial evidence so as to recover compensatory damages on her wantonness claim; she cannot prove by clear and convincing evidence that she is entitled to punitive damages; and she is guilty of contributory negligence as a matter of law. Plaintiff concedes that she cannot present substantial evidence so as to recover compensatory damages on her wantonness claim. It follows then that if she cannot carry her burden as to any wantonness claim, Mrs. Smith cannot recover punitive damages. To prove a claim for punitive damages, plaintiff must prove wantonness by clear and convincing evidence. Ala. Code § 6-11-20 (1975). The the Court will enter summary judgment in favor of the defendant on all plaintiff's claims based upon any alleged wantonness chargeable to Kmart.

The plaintiff argues that there remains a genuine issue of material fact as to whether she was contributorily negligent. The defendant argues that plaintiff was contributorily negligent because she saw someone out of the corner of her eye but failed to avoid collision. Further, defendant points out that neither person was going at a particularly fast pace, and "[a]ll reasonable minds must agree that in that both parties were going at the same pace and the collision occurred, if there was negligence on one person's part, then there clearly had to be negligence on the other person's part." The Court respectfully disagrees, "[c]ontributory negligence, in the context of actions in simple negligence, is

negligence on the part of a plaintiff that proximately contributes to the plaintiff's injury." *Slade v. Montgomery*, 577 So. 2d 887, 892 (Ala. 1991).

> "Generally, the issue of whether a person is contributorily negligent is a question of fact for the jury." *Adams v. Coffee County*, 596 So. 2d 892, 895 (Ala. 1992). "'The question of whether the plaintiff is guilty of contributory negligence as a matter of law, and therefore one for the court to decide, arises only when the facts are such that all reasonable men must draw the same conclusion therefrom, and the question is for the jury when, under the facts and circumstances, reasonable minds may fairly differ upon the question of negligence ....'" *Robertson v. Travelers Inn*, 613 So. 2d 376, 379 (Ala. 1993) (quoting *Baptist Medical Center v. Byars*, 289 Ala. 713, 717-18, 271 So. 2d 847, 849-50 (Ala. 1973)). "Unless the evidence submitted on a summary judgment motion is wholly without adverse inferences or is free from any doubt, summary judgment must not be entered, but the issues must be submitted to the jury." *Gossett v. Twin County Cable T.V., Inc.*, 594 So. 2d 635, 640 (Ala. 1992).

*Jones v. Blount County*, 681 So. 2d 202, 206 (Ala. Civ. App. 1995). In the two cases defendant cites to support the proposition that plaintiff was contributorily negligent as a matter of law, the Alabama Supreme Court did not find contributory negligence as a matter of law. In *Slade*, the issue before the court was whether the trial court was correct in instructing the jury as to contributory negligence. The court found there was reason to provide the instruction to the jury, but did not determine that the plaintiff was contributorily negligent as a matter of law. *Slade*, 577 So. 2d at 892-93. In *Waites v. Malone*, 658 So. 2d 396 (Ala. 1995), the court addressed the issue of whether the verdict, finding that the plaintiff was contributorily negligent, was against the weight of the evidence. *Id.* at 396.

The *Jones* case provides a scenario in which the Alabama Civil Appeals Court found a genuine issue of fact as to whether a plaintiff was contributorily negligent as a matter of law. Plaintiff Jones was involved in an accident at an intersection in which a stop sign was down.

> Jones contends that a genuine issue of material fact exists as to whether his own negligence contributed to the cause of the accident. In response, the Blount County defendants argue that Jones's deposition testimony establishes his contributory negligence as a matter of law. According to Jones's testimony, he drove through the intersection of Arkadelphia Road and Corner Road more than once before the accident, with the most recent visit occurring three days before the accident. Jones also admitted that, on more than one of these occasions, he had noticed that the stop sign was down. Moreover, Jones testified that at the time of the accident on January 5, 1992, he was not thinking about the downed stop sign and that he did not take any extra precautions as he entered the intersection.

*Jones* 681 So. 2d at 206. In *Jones*, even with evidence that Jones knew the stop sign was down, the court did not find the plaintiff contributorily negligent as a matter of law.

In *Buchanan v. Mitchell*, 741 So. 2d 1055, 1057 (Ala. 1999), the Alabama Supreme Court found a plaintiff contributorily negligent. Plaintiff, Buchanon, alleged his employer did not provide a safe workplace. Buchanon was injured when he fell from a ladder. The court found that

> [c]onsidering all of the undisputed facts (i.e., that Buchanan is an experienced carpenter with many years of work on construction sites; that Buchanan weighed 240 pounds; that he was aware that Mitchell's ladder was broken and that the two sections of the ladder were held together with wire and rope; that he appreciated the obvious danger posed by the "flimsiness" of the ladder; and that he was working with both hands above his head, in such a position that he could not readily grab the ladder with his hands), we conclude that this is one of those cases where all reasonable people must reach the same conclusion -- that Buchanan failed to exercise reasonable care under the circumstances and that that failure was a proximate cause of his injuries.

*Id.* at 1057.

In light of the undisputed facts and the facts favorable to the non-movant, defendant cannot establish that plaintiff was contributorily negligent. There is not the almost overwhelming evidence, evident in the *Buchanon* case but not the *Jones* case, that plaintiff was contributorily negligent.

7

A genuine issue of material fact exists for a jury to decide and the court will not intervene to deny the plaintiff her right to a jury trial. An appropriate judgment will be entered with this memorandum of opinion.

Done, this 30th of March, 2001.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE